PEOPLE v STEPHENS

1. APPEAL AND ERROR—OBJECTIONS—WEIGHT OF EVIDENCE—MOTIONS —NEW TRIAL—ABUSE OF DISCRETION.

An objection going to the weight of the evidence can be raised only by a motion for new trial, and where such a motion is denied, the denial is reviewable for an abuse of discretion and an abuse of discretion will be found only where the verdict is manifestly against the clear weight of the evidence.

2. WEAPONS—STATUTES—CARRYING PISTOL—KNOWLEDGE—INFERENCES —EVIDENCE.

The requirement of knowledge is implicit in the criminal statute on unlicensed carrying of a pistol in a vehicle, and an inference that a defendant knowingly carried a pistol in an automobile was properly drawn from facts established by credible evidence where there was testimony that as the police approached the car which the defendant was driving, an officer noticed that the defendant was leaning forward, fumbling with something behind him, and when the defendant exited the car the officer saw a gun tucked partially into the seat where the defendant had been seated (MCLA 750.222).

3. CRIMINAL LAW—EVIDENCE—FINGERPRINTS—SUPPRESSION OF EVI- DENCE—DEVELOPMENT OF EVIDENCE.

Failure of the police to test a gun for fingerprints does not amount to suppression or withholding of evidence; there is a distinction between failing to disclose evidence that has been developed and failing to develop evidence in the first instance.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 852, 887.
[2] 56 Am Jur, Weapons § 9 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 369.
  Fingerprints, palm prints, or bare footprints as evidence. 28 ALR2d 1137.
[4] 21 Am Jur 2d, Criminal Law §§ 194, 201, 204.
[5] 47 Am Jur 2d, Jury §§ 213–223.
[6] 47 Am Jur 2d, Jury § 272.

4. Criminal Law—Defendants—Evidence—Prior Convictions—
   Judge's Discretion.

   Failure of a trial judge to recognize that he has the discretion to
   exclude reference to a defendant's prior conviction record, and
   therefore to fail or to refuse to exercise it, is error; however,
   this does not require a judge to exclude reference to a defend-
   ant's prior record, it only requires that he exercise his discre-
   tion; and where a judge has recognized that he has the discre-
   tion, excluding reference to some of a defendant's prior convic-
   tions and not to others is not error.

5. Jury—Voir Dire—Challenge for Cause—Prejudice in Commu-
   nity.

   Failure of a defendant's attorney to avail himself of the opportu-
   nity to challenge the jurors for cause waives any complaints he
   may have about prejudice in the community before the trial.

6. Jury—Undue Influence—News Media—Burden of Proof—
   Weapons—Gun Laws.

   The burden of showing undue influence on a jury through the
   news media lies with the challenger, and where in a trial for
   carrying a weapon in a vehicle without a license to do so the
   question of the effect of a televised editorial, which was ad-
   dressed to gun laws in general and did not refer specifically to
   a defendant's case, was not raised at trial, it must be presumed,
   in the absence of evidence to the contrary, that the jury
   decided the case as instructed on the basis of the evidence
   presented.

Appeal from Wayne, John R. Kirwan, J. Submit-
ted Division 1 January 9, 1975, at Detroit. (Docket
No. 19819.) Decided February 13, 1975.

Lawrence N. Stephens was convicted of carrying
a weapon in a vehicle without a license to do so.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Raymond P. Walsh,* Assistant Prosecuting Attor-
ney, for the people.

*Ruth B. Acevedo,* for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted by a jury of carrying a weapon in a vehicle without a license to do so, MCLA 750.227; MSA 28.424. Defendant was sentenced to a term of from 3 to 5 years in prison and appeals.

Defendant raises four issues:

I. That there was insufficient evidence from which reasonable men could find defendant guilty beyond a reasonable doubt;

II. That defendant's pretrial motion to suppress evidence should have been granted;

III. That the trial court abused its discretion by suppressing the use of some but not all of defendant's prior criminal record;

IV. That publicity given handguns during the course of the trial possibly influenced the jury's verdict.

I

It is initially unclear whether defendant is arguing sufficiency or weight of the evidence in this case. An objection going to the weight of the evidence can only be raised by a motion for new trial. It is when that motion is denied, as in the instant case, that such denial is reviewable for an abuse of discretion. *People v Mattison,* 26 Mich App 453; 182 NW2d 604 (1970). An abuse of discretion is found only where the verdict is manifestly against the clear weight of the evidence. *Murchie v Standard Oil Co,* 355 Mich 550; 94 NW2d 799 (1959), *Termaat v Bohn Aluminum & Brass Co,*

362 Mich 598; 107 NW2d 783 (1961). We find no such abuse here.

The operative language of the applicable statute, MCLA 750.227; MSA 28.424, provides that " * * * any person who shall carry a pistol * * * in any vehicle operated or occupied by him * * * without a license to so carry said pistol * * * shall be guilty of a felony". Although there is no *mens rea* requirement explicit in the statute, such a requirement is implicit and there must be evidence that defendant knowingly participated in the commission of the crime. *People v Jerome I Smith,* 21 Mich App 717; 176 NW2d 430 (1970).

In the present case, there was testimony at trial that defendant, in the morning hours of September 15, 1973, was driving an automobile carrying one passenger. He was pursued by police at speeds of up to 70 m.p.h. after police saw defendant head south on Joseph Campau at a high rate of speed and cross the centerline. When the car defendant was driving stalled, the two pursuing officers approached the vehicle, one on either side.

The officer approaching defendant's car from the driver's side testified that defendant was leaning forward with his arms behind him, fumbling with something. When defendant exited the automobile, the officer saw a gun with the chamber open tucked partially into the seat where defendant had been fumbling. There was one round in the gun and five live bullets lying next to it.

Defense counsel was unsuccessful in attempting to show that the officer was not in a position to have seen defendant's hands. The inconsistency between the officer's testimony at trial and at the preliminary examination was only on the narrow point of whether, at the time the officer approached the vehicle, defendant's hands were be-

hind him and he was fumbling with something. Furthermore, the gun was positioned so that it jutted out from the seat where defendant was sitting. The inference that defendant "knowingly carried" the weapon found in the car was drawn from facts established by credible evidence in the record, rather than from a pyramiding of inferences. See *People v Cunningham,* 20 Mich App 699; 174 NW2d 599 (1969).

## II

Defendant contends that the failure on the part of the Hamtramck Police to dust the weapon for fingerprints was tantamount to a suppression or withholding of evidence, since exculpatory evidence that might have been developed through that testing procedure was lost. In *People v Merriweather,* 50 Mich App 751, 752; 213 NW2d 756 (1973) *lv den,* 391 Mich 809 (1974), this Court stated:

"Defendant claims he was denied due process of law because the police failed to dust the weapon for fingerprints.

"The cases cited by the defendant to substantiate his position deal with prosecutors withholding evidence to the detriment of the defendant. In this case, there was no evidence suppressed or withheld and defendant's rights were not violated."

The crucial distinction is between failing to disclose evidence that has been developed and failing to develop evidence in the first instance. When the police fail to run any tests, the lack of evidence will tend to injure their case more than defendant's since the prosecution has the burden of proving guilt beyond a reasonable doubt.

Whether or not to run fingerprint tests is a legitimate police investigative decision. Defendant's rights were not violated.

## III

When defendant requested before trial that the court suppress the use of defendant's prior criminal record for purposes of impeachment, the trial judge excluded the use of some but not all of defendant's prior convictions. Defendant did not take the stand and now asserts that the trial court's partial denial of his motion forced him to forego his right to testify in his own behalf.

Although the trial judge's decision was advisory, what he would probably do unless something came "up during the course of the trial that could possibly change [his] mind", he nevertheless stated how he would most likely handle the question if it arose at trial. It is error for a trial judge to fail to recognize that he has the discretion to exclude reference to a defendant's prior conviction record and, therefore, to fail or to refuse to exercise it. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). This does not require that a trial judge exclude reference to a defendant's prior record; it only requires that he exercise his discretion. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

Here, the trial court recognized the matter as one of discretion. The judge carefully selected from defendant's numerous convictions those which he believed to be more prejudicial than probative and those which he believed to be more probative than prejudicial. Many judges would not have excluded as many convictions, some would have excluded more. That is the essence of discretion. There was no error.

## IV

Defendant finally argues that a televised editorial, shown during a holiday adjournment, denouncing handguns and calling for strict law enforcement, possibly influenced the jury's verdict in this case. To the extent that defense counsel complains about community feeling before trial, such complaints have been waived. Although given the opportunity, no juror was challenged for cause. Moreover, any attempt would have been unsuccessful, given the jury's responses on voir dire examination.

As for the televised editorial, failure to raise the question at trial, albeit excusable since counsel did not know about the editorial at the time of trial, has resulted in the lapse of an opportunity to establish, on the record, what effect, if any, the editorial had. Indeed, whether any member of the jury was even aware of the editorial is mere speculation. The burden of showing undue influence on a jury through the news media lies with the challenger. *People v Moore,* 51 Mich App 48; 214 NW2d 548 (1974). The editorial addressed gun laws in general and did not make specific reference to defendant's case. We must presume, in the absence of contrary evidence, that this jury decided this case as instructed, on the basis of the evidence presented.

Affirmed.