PEOPLE v BRADY SMITH

PEOPLE v REID

Docket Nos. 49344, 50082. Submitted April 9, 1981, at Detroit.—
Decided July 1, 1981. Leave to appeal applied for.

    Brady J. Smith, Jr., and Edward Reid were convicted of first-
degree felony murder, armed robbery, and possession of a
firearm during the commission of a felony, Detroit Recorder's
Court, Michael F. Sapala, J. They appeal. The cases were
consolidated on appeal by the Court of Appeals. *Held:*

    1. The trial court properly instructed the jury that the
element of malice necessary to sustain a felony murder convic-
tion could be inferred from defendants' intention to commit the
underlying felony. The Supreme Court's holding *contra* does
not apply to the decision in ·this case, the holding having
prospective effect only.

    2. Defendants did not object to the scope of the court's
instructions on murder, thus precluding review on appeal,
manifest injustice not having been shown.

    3. Defendants' convictions for first-degree felony murder and

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 269, 500.

[2] 40 Am Jur 2d, Homicide §§ 500, 501, 525.

[3] 5 Am Jur 2d, Appeal and Error § 553.

[4] 21 Am Jur 2d, Criminal Law § 267.

  40 Am Jur 2d, Homicide §§ 72, 183-192.

[5] 21A Am Jur 2d, Criminal Law § 984 *et seq.*

  Modern status of rule as to test in federal court of effective
representation by counsel. 26 ALR Fed 218.

  Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

  Incompetency of counsel chosen by accused as affecting validity of
conviction. 74 ALR2d 1390.

[6] 21A Am Jur 2d, Criminal Law § 716.

  Validity, under Federal Constitution of police lineup or showup
procedures. 34 L Ed 2d 839.

[7] 75 Am Jur 2d, Trial §§ 643, 723, 724.

[8] 40 Am Jur 2d, Homicide §§ 45, 556.

  Length of sentence as violation of constitutional provisions prohibit-
ing cruel and unusual punishment. 33 ALR3d 335.

the underlying felony, armed robbery, constitute double punishment in violation of the Double Jeopardy Clauses of the United States and Michigan Constitutions.

4. Defendant Reid was not denied effective assistance of counsel and thus a fair trial.

5. The trial court properly instructed the jury on alternate theories of defendants' guilt.

6. The imposition of mandatory, nonparolable life sentences for first-degree murder does not constitute cruel and unusual punishment.

7. Defendant Smith's failure to raise the issue that the complaint contained a fatally defective mistake precludes review on appeal. In addition, the error was not such as to have misled the jury or otherwise prejudiced defendant Smith.

Affirmed in part, reversed in part.

1. HOMICIDE — FELONY MURDER — MENS REA — JURY INSTRUCTIONS — MALICE.

A jury instruction which indicates that an inference of the malice necessary for a felony murder conviction may be drawn solely from a defendant's intent to commit an underlying felony constitutes error, and this rule applies prospectively to trials which were in progress or which occurred subsequent to the decision of the Supreme Court in *People v Aaron,* 409 Mich 672 (1980).

2. HOMICIDE — JURY INSTRUCTIONS — FELONY MURDER — SECOND-DEGREE MURDER — MALICE.

A jury instruction on felony murder or second-degree murder need not limit the definition of the element of malice to an actual intent to kill.

3. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

Failure to object to jury instructions during trial precludes review on appeal absent a showing of manifest injustice.

4. HOMICIDE — FELONY MURDER — UNDERLYING FELONIES — CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

Multiple convictions for felony murder and the underlying felony are violative of the Double Jeopardy Clauses of the United States and Michigan Constitutions (US Const, Am V, Const 1963, Art 1, § 15).

5. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — NEW TRIAL.

A criminal defendant may be denied his right to a fair trial

where his attorney makes a serious mistake; however, a new trial is not justified unless the reviewing court concludes that but for the mistake the defendant would have had a reasonably likely chance of acquittal.

6. Criminal Law — Lineups — Identification of Suspects.

A corporeal lineup is not tainted by the fact that a witness is told by police that it contains possible suspects; whenever a witness is asked to view a lineup, he may infer that it will contain possible suspects, and the fact that the police state the obvious cannot be seen to be an inducement to identify one of the lineup participants.

7. Criminal Law — Jury Instructions — Alternate Theories of Guilt.

Failure of a trial court to instruct the jury that they must unanimously decide whether the defendant was a principal or an aider and abettor does not constitute error where there was sufficient evidence to support a finding of guilt under either theory.

8. Homicide — First-Degree Murder — Constitutional Law — Cruel and Unusual Punishment — Statutes.

The statutory mandate for the imposition of a nonparolable life sentence upon a conviction for first-degree murder does not violate the constitutional guarantees against cruel and unusual punishment (US Const, Am VIII, Const 1963, art 1, § 16, MCL 750.316; MSA 28.548).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, *Jeffrey Caminsky,* Assistant Prosecuting Attorney, in *People v Smith,* and *Janice M. Joyce,* Assistant Prosecuting Attorney, in *People v Reid.*

*Carl Ziemba,* for defendant Smith on appeal.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant Reid on appeal.

Before: Danhof, C.J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

Per Curiam. Defendants were convicted by a jury of first-degree felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant Smith was sentenced to a mandatory term of life imprisonment for first-degree murder, to from 40 to 60 years imprisonment for armed robbery, and to two years imprisonment for the felony-firearm offense. Defendant Reid was also sentenced to life imprisonment for first-degree murder and to two years for the felony-firearm conviction, but was sentenced to from 20 to 40 years imprisonment for the armed robbery. Both defendants appeal by right, and we have consolidated the two appeals.

The charges arose from defendants' March 10, 1979, robbery of Lee's Texas Style Barbeque on Fenkell Avenue in Detroit. During the course of that robbery defendant Smith shot and fatally wounded the owner of the restaurant, Lee Kingcade.

In the first of eight issues on appeal, defendants argue that the trial court committed error requiring reversal by instructing the jury that they could infer the element of malice necessary for a murder conviction from the intention to commit the underlying felony of armed robbery.[1] The Supreme Court recently has held that such an in-

---

[1] The pertinent portion of the instruction in question read:

"Fourth, for murder you must find that the defendant or defendants consciously and knowingly performed the act which caused the death. The defendants must have either intended to kill, that is, he must have intended to do the act knowing it would result in death or great serious bodily injury or he must have knowingly created a very high risk of death with the knowledge that it probably would cause death. *If you find that the defendants consciously intended to commit, attempt or assist another in the crime of robbery, you may infer that he knowingly created a very high risk of death with the knowledge that it probably would cause death.*" (Emphasis supplied.)

struction is incorrect since malice is an essential element of murder that cannot be inferred solely from the intent to commit the underlying felony. *People v Aaron*, 409 Mich 672; 299 NW2d 304 (1980). Nonetheless, we decline to give *Aaron* retroactive application. In that decision the Supreme Court specifically stated that its holding was to apply to trials in progress and occurring after its November 24, 1980, release date. *Id.*, 734.

Defendant Smith argues that the instructions on murder were also erroneous because they failed to limit the definition of malice to an intent to kill. See *People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976). Because defendants did not object to the instruction, reversal is precluded absent manifest injustice. *People v Jackson*, 77 Mich App 392, 395; 258 NW2d 89 (1977). No injustice is apparent in this case. The holding of *Garcia* is inapplicable to felony murder and second-degree murder cases. *Garcia, supra, People v Hill*, 94 Mich App 777; 288 NW2d 408 (1979). The jury was not instructed with regard to first-degree premeditated murder, so defendant Smith's allegation of error is without merit.

Defendants' next argument on appeal is that their multiple convictions for armed robbery and first-degree felony murder constituted double punishment in violation of the Double Jeopardy Clauses of the United States and Michigan Constitutions. We agree and therefore vacate defendants' convictions and sentences for armed robbery. *People v Anderson*, 62 Mich App 475, 482-483; 233 NW2d 620 (1975), *People v Robert G Thompson*, 81 Mich App 348; 265 NW2d 632 (1978).

Defendant Reid argues that he was denied effective assistance of counsel when defense counsel failed to move to suppress his identification by two

prosecution witnesses, Winifred Reed and Bobby Todd. Ms. Reed, in addition to identifying defendant Reid at trial, identified Reid's picture in a photographic display and picked him out at a corporeal lineup. Defendant argues that the photographic display was improper because it was conducted without counsel even though defendant was already in custody in Atlanta, Georgia. He also contends that Ms. Reed's lineup identification was tainted by the prior photographic display and by the fact that Ms. Reed was told by the police that they had "possible suspects" for her to look at. Defendant Reid argues that Bobby Todd's identification was tainted by impermissibly suggestive identifications at the preliminary examination and an earlier trial. See *People v Solomon,* 391 Mich 767; 214 NW2d 60 (1974).

A criminal defendant may be denied the right to a fair trial if his attorney makes a serious mistake. However, a new trial is not justified unless the reviewing court concludes that but for the mistake the defendant would have had a reasonably likely chance of acquittal. *Garcia, supra,* 266, *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969). After scrutinizing the trial record, we cannot say that such a serious mistake occurred.

Initially, the record does not reveal that the photographic display was made without substitute counsel. Ms. Reed recalled the presence of an individual during the display, but could not remember if he introduced himself as a defense attorney.[2] Moreover, the corporeal lineup was not tainted by the fact that Ms. Reed was told that the

---

[2] Defendant Reid has declined to file a motion with the trial court for an evidentiary hearing on this question. Since we are able to conclude that defendant was not denied effective assistance of counsel without resolving the question, we decline to remand for such a hearing.

police had "possible suspects". Whenever a witness is called in for a lineup that witness may infer that the lineup will contain possible suspects. The fact that the police stated the obvious hardly can be seen as an inducement of the witness to pick someone out of the lineup. *Cf. United States v Gambrill,* 146 US App DC 72, 75, fn 3; 449 F2d 1148 (1971). Even if we were to assume that counsel was not present at the photographic display and that Ms. Reed's trial identification was impermissibly tainted, defense counsel's failure to suppress identification was not such a mistake but for which defendant Reid would have had a reasonably likely chance of acquittal.

Witness Bobby Todd's testimony unequivocally placed both defendants in the restaurant booths where Ms. Reed stated that the two robbers sat prior to the crime. Even without Ms. Reed's actual identification linking defendant Reid to the event, we cannot say that a contrary verdict was reasonably likely. We disagree with the contention that Todd's identification was tainted by his prior opportunities to observe the defendants in court. Unlike *Solomon, supra,* there is no indication in this case that the police suggested to Todd that defendant was the offender, nor were the earlier court procedures conducted *in camera.* Further, the time between the robbery and trial confrontation was only six months, as opposed to the two and one-half years in *Solomon.* Todd had a more than adequate opportunity to observe defendant in the restaurant. His attention was drawn to Smith and Reid by their conduct: they sat in separate booths with their backs to one another, yet acted as if they were together. *Cf. People v Belenor,* 71 Mich App 10; 246 NW2d 355 (1976), *People v Manuel Johnson,* 58 Mich App 347; 227 NW2d 337

(1975). We conclude that trial counsel's failure to move for suppression of eyewitness identification did not deny defendant Reid a fair trial.

Defendants' remaining issues merit only limited discussion. The trial court did not err in instructing the jury on alternative theories of defendant Reid's guilt, that is, as a principal or as an aider and abettor. *People v Paintman,* 92 Mich App 412, 416-418; 285 NW2d 206 (1979). The imposition of a mandatory, nonparolable life sentence under the statute proscribing first-degree murder does not constitute cruel and unusual punishment. *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976). Defendant Smith's allegation that the complaint contained a fatally defective mistake was not preserved for appeal by timely objection. *People v Palmer,* 27 Mich App 334; 183 NW2d 355 (1970). In any event, the error was not such to have misled or otherwise prejudiced defendant.

In the final claim on appeal, defendant Smith argues that the instruction on malice presented the jury with alternative theories of guilt, creating the possibility of a nonunanimous verdict. See *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974). We disagree. The instruction merely served to define, in lay terms, a relatively complex legal term.

Defendants' convictions and sentences for first-degree murder and possession of a firearm during the commission of a felony are affirmed. Defendants' convictions for armed robbery are reversed and their respective sentences for armed robbery vacated.