PEOPLE v ANTHONY WOODS #2

Docket No. 58396. Submitted February 4, 1983, at Lansing.—Decided
    April 6, 1983. Leave to appeal applied for.

Defendant, Anthony Woods, was convicted by a jury in the
    Jackson Circuit Court, Charles J. Falahee, J., of armed robbery,
    felony murder, and possession of a firearm in the commission of
    a felony. Defendant appeals alleging that the evidence estab-
    lishing malice was insufficient to allow the jury to convict him
    of felony murder. *Held:*

1. Malice is an essential element of murder that cannot be
    inferred solely from the intent to commit the underlying fel-
    ony. The fact that a death has occurred in the course of a
    felony is still relevant, however, since a jury can properly *infer*
    malice from evidence that a defendant intentionally set in
    motion a force likely to cause death or great bodily harm.

2. The evidence does not show that defendant intended to kill
    the deceased. However, the death was not merely accidental.
    The record sufficiently shows that defendant displayed a wan-
    ton and wilful disregard of the likelihood that the natural
    tendency of his behavior would cause great bodily harm.

3. Viewing the evidence in the light most favorable to the
    prosecution, the prosecution sufficiently established the malice
    element.

    Affirmed.

1. HOMICIDE — WORDS AND PHRASES — MALICE.

    Malice is defined as the intention to kill, the intention to do great
        bodily harm, or the wanton and wilful disregard of the likeli-
        hood that the natural tendency of defendant's behavior is to
        cause death or great bodily harm.

2. HOMICIDE — MURDER — MALICE — INFERENCES OF MALICE.

    Malice is an essential element of murder that cannot be inferred

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 50.
[2] 40 Am Jur 2d, Homicide §§ 263, 265, 267, 438.
[3] 40 Am Jur 2d, Homicide § 112.
[4] 5 Am Jur 2d, Appeal and Error § 883.

solely from the intent to commit the underlying felony; a jury may properly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm; the act of hitting an old woman with a gun both on the head and then on the back sufficiently hard enough to fracture two vertebrae constitutes wanton and wilful disregard for the likelihood that the natural tendency of the action would cause great bodily harm.

3. HOMICIDE — FELONY MURDER — ACCIDENTAL DEATHS.
    It is unfair to convict a person of felony murder where the death involved was purely accidental.

4. HOMICIDE — APPEAL — MALICE — FELONY MURDER.
    The Court of Appeals views the evidence in the light most favorable to the prosecution when reviewing a trial court's determination that the prosecution sufficiently established the element of malice in a trial for felony murder.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. On March 11, 1981, defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and felony murder, MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 28.424(2), and was sentenced to concurrent terms of from 25 to 50 years and life consecutive to 2 years imprisonment. He appeals as of right.

On appeal, defendant argues that the evidence establishing malice was insufficient to allow the jury to convict him of felony murder. On June 3, 1980, defendant and James Russell entered the

condominium of Emma Dalrymple after she had opened the door to their knock. They immediately pinned her to the wall and placed a gun to her head telling her to be quiet or they would shoot her. After taking a number of items, they forced her to knock on the door of the resident across the hall. When that resident, Bernice Sill, answered the door, they entered and stole a number of items from there. During this robbery, defendant hit Sill in the back and on the head with his gun. Sill's son (a probate court judge) testified that she had told him that defendant had hit her because she had not been moving fast enough. Sill, 72 years old at the time, died about six weeks later.

Dr. Ahronheim, who conducted the autopsy, testified that he found two fractured vertebrae in the small of Sill's back which he concluded to be the cause of death. Apparently, severe hemorrhaging had occurred and, though the injuries remained relatively silent for a while, death had occurred because the surrounding tissues had become acutely inflamed and the esophagus perforated. He testified that great pressure was necessary to break the vertebrae even though an older woman's bones would be more brittle.

Willard Wilson, defendant's cell mate, testified that defendant had told him that "he beat the judge's mammy to death with a pistol butt" and that the beating "turned him on. He got his rocks off doing it".

Malice has been defined as:

"[T]he intention to kill, the intention to do great bodily harm, or the wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm." *People v Aaron*, 409 Mich 672, 728; 299 NW2d 304; 13 ALR4th 1180 (1980).

In fact, "malice is an essential element of murder that cannot be inferred solely from the intent to commit the underlying felony". *People v Brady Smith,* 108 Mich App 338, 342; 310 NW2d 235 (1981).

Yet, the fact that a death has occurred in the course of a felony is still relevant:

"A jury can properly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm. * * * Thus, whenever a killing occurs in the perpetration or attempted perpetration of an inherently dangerous felony, * * * in order to establish malice the jury may consider the 'nature of the underlying felony and the circumstances surrounding its commission' * * *. If the jury concludes that malice existed, they can find murder and, if they determine that the murder occurred in the perpetration or attempted perpetration of one of the enumerated felonies, by statute the murder would become first-degree murder." *Aaron, supra,* 409 Mich 729-730. (Emphasis and citations omitted.)

We agree with defendant that the evidence does not show that he intended to kill Sill. However, we do not agree that the death was merely accidental. Convicting a person of felony murder where the death was purely accidental is unfair. *Aaron, supra,* 409 Mich 731. Although the issue is close, we believe that the record sufficiently shows that defendant displayed wanton and wilful disregard of the likelihood that the natural tendency of his behavior would cause great bodily harm. Hitting an old woman with a gun both on the head and then on the back sufficiently hard enough to fracture two vertebrae constitutes in our opinion wanton and wilful disregard for the likelihood that the natural tendency of the action would cause great

bodily harm. Overall, the circumstances surrounding the underlying felony sufficiently showed malice. Therefore, viewing the evidence in the light most favorable to the prosecution, as is required by *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *cert den* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980), we find that the prosecution sufficiently established the malice element.

Affirmed.