## PEOPLE v VAUGHN

Docket No. 78-4168. Submitted May 12, 1982, at Detroit.—Decided
July 20, 1983. Leave to appeal denied, 418 Mich 917.

Jamiel E. Vaughn was convicted of felony murder and felony-
firearm, Recorder's Court of Detroit, Benjamin C. Stanczyk, J.
Defendant appealed. *Held:*

1. Defendant was denied a fair trial by the prosecutor's
improper and repeated appeal to the jurors' sympathy in
opening and closing arguments and by the prosecutor's sugges-
tion to the jury that they might use defendant's prior convic-
tions as substantive evidence of his assaultive nature.

2. Defendant was denied a fair trial by the intolerable
acoustic condition of the courtroom which interfered with the
orderly conduct of the trial.

3. Defendant is not entitled to a new trial because of defense
counsel's failure to raise, and the trial court's failure to in-
struct the jury *sua sponte* regarding, the defense of claim of
right. Defendant did not indicate that, had the defense of claim
of right been more thoroughly discussed with him, he would
have relied on it rather than alibi. Failure to argue a claim of
right defense to the jury was a legitimate trial strategy in view
of the alibi defense. The court, under the circumstances, had no
duty to instruct the jury on claim of right.

4. The court did not err in instructing the jury that the
malice element in felony murder could be inferred solely from
the intent to commit the underlying felony. The case was tried
prior to the decision date, November 24, 1980, of *People v
Aaron,* 409 Mich 672 (1980). On retrial, the court should
instruct the jury in accordance with *Aaron.*

5. Photographs which aided in showing how the victim died

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 269, 280, 281.
[2, 6] 75 Am Jur 2d, Trial § 31.
[3] 76 Am Jur 2d, Trial § 1045.
[4] 40 Am Jur 2d, Homicide § 509.
[5] 5 Am Jur 2d, Appeal and Error §§ 601, 602.

were not admitted improperly. They were probative and not prejudicial.

6. Defense counsel's failure to object to the admission of evidence of a witness's prior consistent statement precluded appellate review on that issue in the absence of a showing of manifest injustice, which was not made.

Affirmed in part, reversed in part, and remanded for a new trial.

D. C. RILEY, J., concurred separately to clarify her reasons for concluding that defendant's conviction must be reversed.

BEASLEY, J., dissented. He did not find that the prosecutor's arguments denied defendant a fair trial. He also did not find that the acoustic conditions in the courtroom resulted in a denial of a fair trial, noting that the trial judge had long experience on the bench and was in a superior position to assess its impact. He would affirm.

## OPINION OF THE COURT

1. CRIMINAL LAW — PRIOR CONVICTIONS — FAIR TRIAL — PROSECUTORIAL COMMENT.

A fair trial is denied where a prosecutor appeals to the sympathy of the jurors in opening and closing argument and suggests to the jurors that they use the defendant's prior convictions as substantive evidence of his assaultive nature.

2. CRIMINAL LAW — TRIAL — COURTROOM CONDITIONS.

Acoustic conditions in a courtroom may become so intolerable and so interfere with the orderly conduct of a criminal trial as to deny the defendant a fair trial despite the fact that the conditions cause both sides to suffer equally.

3. CRIMINAL LAW — JURY INSTRUCTIONS — DEFENSES.

A trial court need not instruct the jury *sua sponte* on a defense theory which was not argued or suggested by the defense.

4. HOMICIDE — FELONY MURDER — *MENS REA* — JURY INSTRUCTIONS — MALICE.

A jury instruction which indicates than an inference of the malice necessary for a felony-murder conviction may be drawn solely from a defendant's intent to commit an underlying felony constitutes error; this rule only applies prospectively to trials which were in progress or which occurred subsequent to the decision of the Supreme Court in *People v Aaron,* 409 Mich 672 (1980).

5. EVIDENCE — APPEAL — PRESERVING QUESTION.

    Failure to object to the erroneous admission of evidence at trial
    precludes appellate review where no manifest injustice re-
    sulted.

DISSENT BY BEASLEY, J.

6. CRIMINAL LAW — TRIAL — APPEAL — COURTROOM CONDITIONS.

    *Poor acoustic conditions in a courtroom, where the trial court has
    denied a mistrial on that ground, is not a sufficient reason to
    reverse a defendant's conviction in the absence of an allegation
    that specific evidence was not heard and that the jury, had it
    heard the evidence, might well have reached a different result.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud,* Assistant Defender), for defendant on appeal.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by a jury of felony murder (armed robbery), MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 28.424(2). Thereafter sentenced to life imprisonment without parole for the felony-murder conviction and a mandatory two-year term for the felony-firearm conviction, defendant appeals as of right.

Defendant raises numerous issues on appeal. We reverse on two and affirm as to the balance.

First, we agree with defendant that the prosecution improperly and repeatedly appealed to the jurors' sympathy in its opening and closing argument. Moreover, the prosecution suggested to the

jury that they utilize defendant's prior convictions as substantive evidence of his assaultive nature. Clearly this is improper. MRE 609. Normally, when defense counsel fails to object to such remarks, as in the instant case, appellate review is precluded unless defendant would be denied a fair trial. *People v Rone (On Second Remand),* 109 Mich App 702, 715; 311 NW2d 835 (1981). As indicated above, we hold defendant was denied a fair trial. See also *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971).

Second, defendant claims the courtroom in which the trial was held was acoustically unacceptable, thereby denying him a fair trial. From the record it appears that the acoustic conditions in the courtroom were so intolerable and so interfered with the orderly conduct of the trial that defendant was denied a fair trial. Hence, we find the trial court's denial of defendant's motion for a mistrial to have been improper. *People v Marsh,* 108 Mich App 659, 676; 311 NW2d 130 (1981); *Estes v Texas,* 381 US 532; 85 S Ct 1628; 14 L Ed 2d 543 (1965); MCL 768.29; MSA 28.1052. The court, in exercising its discretion, erroneously determined that a trial is fair if both sides suffer equally. *People v Hayes,* 410 Mich 422, 425-426; 301 NW2d 828 (1981).

While resolution of the foregoing is dispositive, we find it necessary to briefly discuss defendant's remaining allegations of error.

We find there was sufficient evidence of the underlying felony of armed robbery to support defendant's conviction of first-degree felony murder. From the evidence that defendant, in fact, committed a larceny immediately subsequent to the assault, from his preparations prior to the assault, and from his actions testified to by Mrs.

Flowers, the jury could infer beyond a reasonable doubt that defendant possessed the requisite larcenous intent at the time of the assault. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). Moreover, we hold that the trial court's denial of defendant's motion for a new trial was proper. For the reasons indicated above, we find the jury verdict not to be against the great weight of evidence. *People v Stephens,* 58 Mich App 701; 228 NW2d 527 (1975).

Next, defendant claims he is entitled to a new trial because of defense counsel's failure to raise, and the trial court's failure to instruct the jury *sua sponte* regarding, the defense of claim of right. As the defense of claim of right was neither argued nor suggested by defense counsel, the trial court had no duty to instruct *sua sponte* on said defense. *People v Morris,* 99 Mich App 98; 297 NW2d 623 (1980).

In the absence of an indication by defendant that he would have, in fact, relied upon the claim of right defense rather than alibi, counsel's failure to more thoroughly discuss that defense with defendant was not a serious mistake amounting to ineffective assistance of counsel. Defense counsel's failure to raise the defense at trial was clearly justified as a matter of trial strategy, as it was inconsistent with the alibi defense defendant insisted on presenting. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Defendant further claims the trial court erred in informing the jury that the malice element in first-degree felony murder could be inferred solely from an intent to commit the underlying felony of armed robbery. We disagree. This case having been tried before the decision in *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), the trial court

had no duty to instruct the jury that it was necessary for them to find defendant acted with malice before finding him guilty of felony murder. The rule in *Aaron* is not retroactive. *People v Brady Smith,* 108 Mich App 338, 342; 310 NW2d 235 (1981). The trial court was correct in relying on the common-law felony-murder rule. See *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977). On retrial, however, the trial court, in instructing the jury, should instruct in accordance with *Aaron.*

Defendant's claim that the trial court erred in admitting certain photographs is without merit. We find the photographs were relevant and material as they aided in showing how the victim died. Further, we find said photos were probative and not prejudicial. They were not gross and inflammatory and were, if anything, antiseptic and removed from the violent events which caused the victim's death. *People v Hall,* 102 Mich App 483; 301 NW2d 903 (1980); *People v Turner,* 99 Mich App 733; 298 NW2d 848 (1980).

Defendant's claim that it was error for the prosecution to elicit from a witness the fact that she had made a prior statement consistent with her in-court testimony implicating defendant is without merit. As no manifest injustice resulted from the erroneous admission of the witness's prior consistent statement, defense counsel's failure to object precludes appellate review. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364; 189 NW2d 208 (1971).

Finally, we reject defendant's claim that he was denied a fair trial by the admission of a witness's unresponsive answer to the prosecution's question indicating defendant had been incarcerated during trial. While error may have been injected into the proceedings, it was harmless. *People v Yeo,* 103

Mich App 418, 426; 302 NW2d 883 (1981). More-over, the trial court instructed the jury to disregard said statement.

Affirmed in part, reversed in part, and remanded for a new trial.

D. C. Riley, J. *(concurring).* I am in accord with Judge Holbrook's disposition of this matter. I write separately solely to clarify my reasons for concluding that this conviction must be reversed.

First, it must be noted that the dissent fails to comment on the prosecution's suggestion to the jury that they utilize defendant's prior convictions as substantive evidence of his assaultive nature. While the prosecution may introduce evidence regarding defendant's character to rebut evidence offered by the accused, MRE 404(a)(1); *People v Roger Johnson,* 382 Mich 632; 172 NW2d 369 (1969), *cert den* 397 US 1079; 90 S Ct 1533; 25 L Ed 2d 816 (1970), the defendant here had not placed his character in evidence. Thus, the prosecutor violated an established evidentiary rule by making this argument to the jury.

It is this improper argument, combined with the arguments apparently made to solicit the sympathy of the jury rather than identify the victim, as is argued, that persuades me that defendant was denied a fair trial.

Secondly, regarding the courtroom facilities, I believe it is important to note that both the prosecutor and the defendant vigorously complained of their inability to hear the witnesses because the public address system was not in operation, the ventilating machinery was next door, and there was construction work in progress on the floor immediately above the courtroom. There is no question but that the trial judge is best able to

make the kind of a determination that we make today. However, where, as here, he concludes that counsel are correct: courtroom conditions are poor but that both sides are suffering equally, we are obliged to reverse. The proper test for the trial judges to apply in such an instance is whether the courtroom conditions are such as to deny defendant a fair trial. *People v Hayes,* 410 Mich 422; 301 NW2d 828 (1981). The record supports that such was the case here. *Estes v Texas,* 381 US 532; 85 S Ct 1628; 14 L Ed 2d 543 (1965).

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

First, the majority concludes that the prosecutor "improperly and repeatedly" appealed to the jurors' sympathy. I disagree. Identifying the homicide victim is not "appealing to sympathy". Murder is a dirty, distasteful business, and that fact need not be hidden from the jury. But, in any event, in this case, no objection was made at trial. Where objection to a prosecutor's argument is not made and, thus, a trial judge is not given an opportunity to rectify such possible error, we normally consider such a claim of error not to have been preserved for appellate review except where we conclude that the trial, in its entirety, constituted a manifest injustice. Review of this record reveals another sad drug killing. I do not, however, find any manifest injustice or denial of a fair trial. I would decline to find that the unobjected-to overzealousness of the prosecutor was a sufficient reason to upset the jury's verdict.

Second, the majority say that the courtroom was acoustically unacceptable and that defendant was denied a fair trial. This case was presided over by a visiting judge who, before his retirement, served for many years in the Detroit Common Pleas Court. While courtroom conditions were far from

ideal, he was there and, in denying defendant's motion for a mistrial during trial and in denying defendant's motion for a new trial after the guilty verdict, declined to find defendant was deprived of a fair trial. Greater comfort and less interruption is a desired goal, but lack of it does not mean defendant was prejudiced. No specific claim is made regarding evidence that was not heard and that would have made the jury reach a different result.

Assigning the acoustics as a basis for reversal is not a sufficient reason to reverse and send back for new trial. The trial judge did not abuse his discretion in denying defendant's motion for a new trial. He was in a position far superior to that of the members of this appellate panel to determine whether any noise or interruptions interfered with defendant's ability to present his defense and to obtain a fair trial.

I would affirm.