# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

GREGORY GRINIUS GREEN,

Defendant-Appellee.

UNPUBLISHED
February 26, 2015

No. 321823
Livingston Circuit Court
LC No. 2013-021657-FH

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the trial court's order granting defendant's motion to retest a blood sample given by him following a traffic accident. The order required the Michigan State Police Forensic Laboratory to retest the same vial of blood that had been previously tested, using the same analyst. Because there is no basis in MCL 257.625a for the retesting of the blood sample and MCR 6.201 provides the trial court only with the authority to order that defendant be given the opportunity to test the vial of blood, we reverse and remand to the trial court for proceedings not otherwise inconsistent with this opinion.

In the early morning hours of July 13, 2013, defendant was operating a motorcycle on East Grand River Avenue in Howell, Michigan when he allegedly struck and seriously injured a pedestrian. Police arrived on the scene and, after learning that defendant was coming from a bar where he had earlier consumed alcohol and suspecting that defendant was under the influence of alcohol, they arrested defendant and he consented to a blood test. Police transported defendant to the hospital where emergency room personnel drew two vials of his blood and two tests conducted by the Michigan State Police on one of the vials resulted in readings of .092 grams of alcohol per 100 milliliters of blood. Defendant is currently charged with operating while intoxicated causing serious injury, MCL 257.625(5), and carrying a concealed weapon with a blood alcohol content of .08 or more but less than .10 grams, MCL 28.425k(2)(b).

Defendant moved to have the original sample of his blood retested by the Michigan State Police ("MSP") laboratory by the same analyst that conducted the first test, arguing that there was no foundation to establish that the blood draw was the product of reliable principles and methods, that he would have to pay for an independent test of the second vial of blood, and that a test of the second vial of blood rather than of the same sample would not be a similar sample. The trial court granted defendant's motion, opining that it was not that great of an imposition on

-1-

the People. In denying plaintiff's motion for reconsideration, the trial court explained that defendant was entitled to a retest of the first vial of blood under the general rules of discovery in order to support his defense challenging the prior guidelines for measuring blood-alcohol content and the irregularity of the blood draw. The trial court explained that defendant's challenges to the prior blood test were based upon guidelines that were in place at the time of the test but have now been changed and that due to the irregularity of the blood draw, a test of the second vial would not adequately address his challenge to the validity of the particular result that was initially reported.

On appeal, plaintiff first contends that the trial court's order does not comply with the terms of MCL 257.625a. We agree.

A trial court's interpretation of statutes and court rules is reviewed de novo. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011). A trial court's decision regarding discovery is reviewed for an abuse of discretion. *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). A trial court abuses its discretion when its decision falls beyond the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

MCL 257.625a(6) states, in part, the following:

> (6) The following provisions apply with respect to chemical tests and analysis of a person's blood, urine, or breath, other than preliminary chemical breath analysis:

> (a) The amount of alcohol or presence of a controlled substance or both in a driver's blood or urine or the amount of alcohol in a person's breath at the time alleged as shown by chemical analysis of the person's blood, urine, or breath is admissible into evidence in any civil or criminal proceeding and is presumed to be the same as at the time the person operated the vehicle.

> (b) A person arrested for a crime described in section 625c(1) shall be advised of all of the following:

> (*i*) If he or she takes a chemical test of his or her blood, urine, or breath administered at the request of a peace officer, he or she has the right to demand that a person of his or her own choosing administer 1 of the chemical tests.

> (*ii*) The results of the test are admissible in a judicial proceeding as provided under this act and will be considered with other admissible evidence in determining the defendant's innocence or guilt.

> (*iii*) He or she is responsible for obtaining a chemical analysis of a test sample obtained at his or her own request.

> * * *

> (d) A chemical test described in this subsection shall be administered at the request of a peace officer having reasonable grounds to believe the person has

committed a crime described in section 625c(1). A person who takes a chemical test administered at a peace officer's request as provided in this section shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this subsection within a reasonable time after his or her detention. The test results are admissible and shall be considered with other admissible evidence in determining the defendant's innocence or guilt. If the person charged is administered a chemical test by a person of his or her own choosing, the person charged is responsible for obtaining a chemical analysis of the test sample.

(e) If, after an accident, the driver of a vehicle involved in the accident is transported to a medical facility and a sample of the driver's blood is withdrawn at that time for medical treatment, the results of a chemical analysis of that sample are admissible in any civil or criminal proceeding to show the amount of alcohol or presence of a controlled substance or both in the person's blood at the time alleged, regardless of whether the person had been offered or had refused a chemical test. The medical facility or person performing the chemical analysis shall disclose the results of the analysis to a prosecuting attorney who requests the results for use in a criminal prosecution as provided in this subdivision. A medical facility or person disclosing information in compliance with this subsection is not civilly or criminally liable for making the disclosure.

"[T]he goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. The touchstone of legislative intent is the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written." *People v Harris*, 495 Mich 120, 126-127; 845 NW2d 477 (2014). "Stated differently, a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003) (citation and internal quotation marks omitted).

MCL 257.625a "must be read in its entirety to determine legislative intent." *Collins v Secretary of State*, 19 Mich App 498, 502; 172 NW2d 879 (1969). This Court has expressly stated that MCL 257.625a "governs the admissibility of chemical tests of drinking and driving cases." *People v Campbell*, 236 Mich App 490, 494; 601 NW2d 114 (1999). "[T]he Legislature enacted the implied consent statute to enable the state to obtain convictions without being unduly burdened in the proof of the crime." *Id*. at 498.

It is obvious that the language used in MCL 257.625a(6) grants a defendant a reasonable opportunity to have a person of his or her own choosing administer a chemical test of his or her blood sample, and that he or she is responsible for obtaining a chemical analysis of the test sample. Defendant argues that "[b]y definition, that includes a forensic scientist at the Michigan State Police laboratory." However, there is no indication that the MSP Laboratory, an investigating agency of the Michigan State Police, offers chemical testing services to private individuals or is able to bill for such services. Though defendant may want to "choose" a specific analyst at the MSP Lab, the trial court lacks authority to compel a state agency to perform services it does not offer.

Further, both the Supreme Court and this Court have consistently acknowledged that MCL 257.625a(6) grants a defendant a right to obtain an *independent* chemical test. See *People v Anstey*, 476 Mich 436, 441; 719 NW2d 579 (2006); *People v Reid*, 292 Mich App 508, 510; 810 NW2d 391 (2011). Requiring the "same lab analyst at the same lab" to retest the "same vial" of blood is not independent from the first test.

In addition, "Absent a showing of suppression of evidence, intentional misconduct, or bad faith, the prosecutor and the police are not required to test evidence to accord a defendant due process." *People v Coy*, 258 Mich App 1, 21; 669 NW2d 831 (2003). "Although the prosecution bears the burden of proving guilt beyond a reasonable doubt in a criminal trial, it need not negate every theory consistent with defendant's innocence, nor exhaust all scientific means at its disposal." *Id*. (citations omitted). "[N]either the prosecution nor the defense has an affirmative duty to search for evidence to aid in the other's case." *Id*.

In this case, the trial court's order requires the prosecution and the police to do exactly what *Coy* expressly states the prosecution and police are not required to do. Not only does the trial court order require the MSP Lab to test evidence merely at defendant's request, but it requires MSP Lab to do the exact same test at the same lab using the same analyst. This improperly requires the police to test evidence that may aid defendant's case.

In *People v Stephens*, 58 Mich App 701, 705; 228 NW2d 527 (1975), the defendant argued that the police department's failure to test a weapon for fingerprints was equivalent to suppression of evidence, "since exculpatory evidence that might have been developed through that testing procedure was lost." *Id*. This Court recognized that there is a "crucial distinction . . . between failing to disclose evidence that has been developed and failing to develop evidence . . . ." *Id*. This Court concluded that deciding not to test for fingerprints "is a legitimate police investigative decision." *Id*. at 706.

Application of the "crucial distinction" in *Stephens* to the facts of this case could not be clearer. Although plaintiff is required to disclose evidence that has been developed, it is not required to develop evidence, including testing a blood sample for a third time, in hopes that it may provide defendant with a defense.

Defendant nevertheless argues that the trial court has the authority to order retesting of defendant's blood sample under MCR 6.201 and "longstanding Michigan case law." In denying plaintiff's motion for reconsideration, the trial court also cited to MCR 6.201(6), which states, in part, that "[o]n good cause shown, the court may order that a party be given the opportunity to test without destruction any tangible physical evidence." The relevant language in this rule is "a party be given the opportunity to test." MCR 6.201(6) does not provide the trial court with the authority to order the MSP to retest its own evidence. Rather, it merely provides the court with the authority to provide *defendant* the opportunity to test any tangible physical evidence. This reading is also consistent with MCL 257.625a(6). Thus, the trial court may order only that defendant be given the opportunity to retest the first vial of blood. It abused its discretion in ordering otherwise. As with any other evidence, any potential discrepancies in the results obtained is subject to argument by the parties.

Given our conclusion, we need not address plaintiff's remaining arguments on appeal.

     We reverse the trial court's order that the same vial of blood that was first tested by the MSP lab be retested by the MSP using the same analyst and remand for proceedings not inconsistent with this opinion.  We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto