# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEREK AARON RIVERA,

        Defendant-Appellant.

UNPUBLISHED
September 19, 2017

No. 330405
Ingham Circuit Court
LC No. 15-000280-FC

Before: HOEKSTRA, P.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction of second-degree murder, MCL 750.317. For the reasons explained in this opinion, we affirm.

This case arises from the death of Terry Alber. At the time of Alber's death, Alber and defendant were both homeless, and they spent time with several other individuals at a shack behind the Volunteers of America building in Lansing. Defendant and Alber had a history of conflict stemming from defendant's jealousy of Alber's friendship with Mersaides Schmit, defendant's former girlfriend. According to the evidence introduced at trial, on the night of May 3, 2014, in front of witnesses at the shack, defendant beat Alber. He punched him, hit him (possibly with a golf club), and stomped and kicked him in the head. The evidence suggested that Alber did not immediately die from this beating. Instead, he went to sleep outside the shack. He later awoke, took a few steps, and then fell to the ground. A few minutes later, one of the other men shook Alber as though to wake him and discovered that Alber was dead. The prosecution's expert, forensic pathologist Dr. John Bechinski, detailed Alber's numerous injuries, including at least 9 blows to the head, and he opined that Alber died from blunt force trauma to the head. More specifically, Bechinski explained that blows to the head caused subdural and subarachnoid bleeding, that Alber could have lived with this bleeding for minutes or hours, and that it was this bleeding that led to death. In contrast, the defense presented an expert, forensic pathologist Dr. Ronald Horowitz, who opined that Alber died from falling and hitting his head on a cinder block. Defendant was charged with open murder, and the jury returned a verdict of second-degree murder. Defendant now appeals as of right.

## I. OTHER ACTS EVIDENCE

On appeal, defendant argues the court abused its discretion by admitting other-acts testimony from Schmit and Angela Lewis, both of whom testified about other physical assaults

-1-

perpetrated by defendant. Defendant argues that this evidence was improper propensity evidence and that, given the violent nature of the assaults, the prejudicial effect of this evidence outweighed any probative value.

"The decision whether to admit evidence is within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014). "When the decision involves a preliminary question of law however, such as whether a rule of evidence precludes admission, we review the question de novo." *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).

"As a general rule, evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts." *People v Kelly*, 317 Mich App 637, 643; 895 NW2d 230 (2016) (citation and quotation marks omitted). However, the evidence may be admitted for other purposes under MRE 404(b)(1), such as proof of motive or intent. When evidence is introduced under MRE 404(b), it must satisfy a four-pronged standard:

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*People v VanderVliet,* 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205; 520 NW2d 338 (1994).]

In this case, the trial court admitted the other acts evidence in question as evidence of whether defendant "had a reason to commit the crime," i.e., motive, and whether defendant "specifically meant to commit the crime," i.e., intent. Both motive and intent are proper purposes under MRE 404(b). Moreover, the other acts evidence in question was logically relevant to these purposes. See *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). The jury was instructed on first-degree murder which requires a premeditated intent to kill the victim that may be shown from all the facts and circumstances surrounding the killing, including the prior relationship of the parties, a preconceived motive, and a defendant's conduct after the crime. *People v Orr*, 275 Mich App 587, 591; 739 NW2d 385 (2007); *People v Taylor*, 275 Mich App 177, 180; 737 NW2d 790 (2007). In this context, defendant's violence toward Lewis and the accompanying threat—that if she ever spoke "a word" to the police "about what happened with [Alber] the same thing would happen to" her—belies the defense's theory that Alber's death was an accident and it is relevant to show defendant's intent. Likewise, Schmit's testimony about defendant's assault on her and Alber on a previous occasion provided evidence of defendant's motive for killing Alber—an explosive jealousy of the friendship between Schmit and Alber; and, this preconceived motive bears on whether defendant intended to kill Alber. See *Orr*, 275 Mich App at 592. In short, the evidence was logically relevant.

Contrary to defendant's arguments, the probative value of this evidence was not "substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford*, 458 Mich at 398. As discussed, the other

acts evidence offered by Schmit and Lewis was highly probative to material issues at trial, namely defendant's intent and motive. Even if relevant for these purposes, defendant appears to believe that Schmit and Lewis could have presented their testimony without reference to the violence they suffered and thus he argues that descriptions of the assaults were unfairly prejudicial. But, the violence inflicted against these women was probative—it demonstrated the nature of the threat against Lewis as part of defendant's efforts to conceal his guilt and it established the extent of his jealousy over the relationship between Alber and Schmit. Such evidence may have been detrimental to defendant, but it had strong probative value and was not unfairly prejudicial. Finally, the trial court gave an instruction limiting the use of the other acts evidence to its proper purposes. See *Orr*, 275 Mich App at 592. Overall, the trial court did not abuse its discretion by admitting this evidence.

## II. EXPERT REPORT

Next, defendant argues the trial court erred by requiring his medical expert, Ronald Horowitz, M.D., to prepare a report even though plaintiff did not request a report and even though, under MCR 6.201(A)(3), defendant could also have provided a written description in lieu of a report. Defendant maintains that this error affected his substantial rights because the prosecutor used errors in the report to attack the credibility of Horowitz's opinions. Alternatively, defendant argues that his trial counsel was ineffective for failing to timely object to the trial court's improper action.

"A trial court's decision regarding discovery is reviewed for an abuse of discretion." *People v Green*, 310 Mich App 249, 252; 871 NW2d 888 (2015). The proper interpretation of a court rule is a question of law which we review de novo. *Id*. However, while defendant now claims he had no obligation under MCR 6.201(A)(3) to provide the prosecutor with a report from Horowitz, defendant failed to raise this argument in the trial court, meaning that his claim is unpreserved and defendant must show plain error affecting his substantial rights. *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003).

MCR 6.201 governs matters related to discovery in criminal cases. *People v Phillips*, 468 Mich 583, 589; 663 NW2d 463 (2003). MCR 6.201(A)(3) provides that, upon request, a party must provide "the curriculum vitae of an expert the party may call at trial and either a report by the expert or a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion." Under MCR 6.201(J), if a party fails to comply with the discovery rules, the court has discretion to fashion an appropriate remedy, which can include ordering the party to provide discovery or prohibiting the party from introducing the material not disclosed. *People v Jackson*, 292 Mich App 583, 591; 808 NW2d 541 (2011).

Under MCR 6.201(A)(3), it is clear that, upon request, defendant had an obligation to provide the prosecutor with Horowitz's curriculum vitae and either a report or a written description of his proposed testimony. Nevertheless, defendant claims that he did not have to provide a report for two reasons. First, defendant argues that the rule does not apply because there was no request from the prosecutor. However, the record shows that the prosecutor did make a request before trial. Indeed, on the first day of trial, defense counsel admitted that he

knew "that the Prosecutor wants a report." To now claim that there had been no request is simply disingenuous.

Second, defendant argues that he did not have to supply a "report" because, under MCR 6.201(A)(3), in lieu of a report, he could have provided "a written description of the substance" of Horowitz's testimony. We agree that MCR 6.201(A)(3) is written in the alternative; that is, a party must provide *either* a report *or* a written description of the proposed testimony. See *People v Nicholson*, 297 Mich App 191, 199; 822 NW2d 284 (2012) ("The word 'or' is disjunctive and, accordingly, it indicates a choice between alternatives."). However, defendant did not object when the trial court ordered him to provide the prosecutor with a "report," and he did not, in lieu of a report, attempt to provide the prosecutor with a written description of Horowitz's testimony. Instead, Horowitz produced a report, and he testified to his causation theory on defendant's behalf at trial. On this record, we fail to see how defendant was prejudiced by being required to produce a report, and we cannot conclude that defendant has shown plain error.

In arguing to the contrary, defendant's claim of prejudice rests on the assertion that Horowitz's report was somehow inadequate due to the time crunch in which he drafted the report and that no such shortcomings would have occurred in a "written description" of Horowitz's testimony. This argument assumes, without any basis in the evidence, that any deficiencies in Horowitz's report were attributable to being rushed as opposed to errors that he would have made even with more time. We will not make such an assumption.[1] Moreover, defendant's argument improperly assumes that a written description of Horowitz's testimony—as opposed to a "report"—would have been less prone to criticism by the prosecutor's expert because it is somehow a less demanding disclosure. Defendant's argument oversimplifies what is required of a written description of expert testimony. MCR 6.201(A)(3) requires "a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion." While not specifically formatted as a "report," such a written description would contain much of the same information found in a report and Horowitz's opinions, stated in a written description, would have been equally susceptible to criticisms by the prosecutor's expert. Overall, defendant has not shown plain error arising from the trial court's order to provide a report to the prosecutor.

It also follows that defendant has not established that counsel's failure to object to the report requirement constituted ineffective assistance of counsel. Counsel is presumed effective, and defendant has not overcome the presumption that there were strategic reasons for providing a report as opposed to a written description of Horowitz's testimony. See *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). In any event, as discussed, defendant has not shown

---

[1] To the contrary, most of what defendant characterizes as "inadequacies" were in fact matters on which the prosecutor's expert simply disagreed with Horowitz's opinions and observations, such as Horowitz's assertion that Alber had advanced liver disease, Horowitz's disregard of the impact sites on the sides and back of Alber's head, Horowitz's use of the medical term "contrecoup," the extent of Alber's facial injuries, etc.

-4-

prejudice given that the report was produced and Horowitz was able to testify on defendant's behalf. See *id.* Thus, his ineffective assistance claim must fail.

### III. SUFFICIENCY OF THE EVIDENCE

In a Standard 4 brief, defendant also argues that the evidence was insufficient to support his conviction and, relatedly, that the trial court erred by denying defendant's motion for a directed verdict. Specifically, according to defendant, there was insufficient evidence to prove that he caused Alber's death because Alber died as a result of a "terrible accident" that occurred when Alber fell and hit his head on a cinder block.

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We review "the evidence in the light most favorable to the prosecution and determine[] whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). We apply the same standards when reviewing a trial court's ruling on a motion for a directed verdict, except that we only consider the evidence presented up to the time the motion is made. *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001).

Defendant's conviction of second-degree murder required the jury to find that (1) the victim died, (2) the death was caused by an act of defendant, (3) done with malice, and (4) without justification or excuse. *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998). The crux of defendant's argument is the second of these four elements.

In this case, Mark Cobb, Arthur Devine, and Lawrence Fisher saw defendant hit Alber. In an interview with police, defendant admitted that he also kicked Alber in the head, both in an up-and-down stomping motion and a kick that was compared to kicking a football. Alber's blood was found on defendant's shoes and on a nearby golf club, and the prosecution offered detailed testimony of Alber's numerous injuries to his face, head, brain, and body. While there was evidence that Alber did not immediately die from this beating, Bechinski identified the cause of death as "blunt force trauma of the head, and the manner of death was classified as a homicide." Bechinski explained that Alber could have lived for minutes or hours with the subdural and subarachnoid bleeding that led to his death, and he indicated that Alber's various injuries could not be explained by a single fall. There was also evidence that defendant had a motive for killing Alber insofar as he was jealous of Alber's relationship with Schmit. Viewing the evidence in a light most favorable to the prosecutor, this evidence was sufficient to establish that an act of defendant, done with malice and without justification or excuse, caused Alber's death. It also follows that the trial court did not err by denying defendant's motion for a directed verdict at the close of the prosecutor's case-in-chief. *Schultz*, 246 Mich App at 702.

In contrast, defendant highlights the evidence favorable to his position and asserts that Alber died as a result of falling and striking his head on a cinder block. Certainly, Horowitz offered causation testimony to this effect.[2] But, his credibility was a question for the jury. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). And, indeed, Bechinski specifically testified on rebuttal that Alber's numerous injuries were consistent with being brutally beaten and that these injuries could not be explained by falling once on a cinder block. Resolving all conflicts in the evidence in favor of the jury verdict, *Unger*, 278 Mich App at 222, there was sufficient evidence to support defendant's convictions.

## IV. INEFFECTIVE ASSISTANCE

In his Standard 4 brief, defendant also argues that defense counsel provided ineffective assistance (1) by failing to sequester witnesses, (2) by stating that defendant would exercise his right to remain silent by not testifying, and (3) by advising defendant not to testify.[3]

In order to establish a denial of the effective assistance of counsel, a defendant must show that: "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy[.]" *Id*. A defendant also has the burden of establishing the factual predicate of an ineffective assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

To the extent defendant argues counsel was ineffective with regard to the sequestration of witnesses, his argument is abandoned. In full, defendant states that counsel "was ineffective for not Having [sic] a sequester witnesses in this case. Witnesses should not have been aloud [sic] in the court room while other witnesses were testifying." Defendant fails to support this assertion with relevant legal authority or cogent argument. He does not even identify what witnesses should have been sequestered and he makes no effort to explain how counsel's failure to

---

[2] On appeal, defendant notes that defense counsel moved for a directed verdict at the close of the prosecutor's case-in-chief; and defendant argues that counsel provided ineffective assistance by failing to wait until after Horowitz testified to make this motion. This argument is without merit. At most, Horowitz's testimony created a question of fact for the jury with regard to the cause of Alber's death. Viewing the evidence in a light most favorable to the prosecution, this difference in expert opinion when compared to Bechinski's would not have entitled defendant to a directed verdict, and counsel was not ineffective for failing to make a meritless motion for a directed verdict after Horowitz testified. See *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

[3] Along with his Standard 4 brief, defendant submitted a motion to remand for an evidentiary hearing, which we denied. *People v Rivera*, unpublished order of the Court of Appeals, entered April 20, 2017 (Docket No. 330405). Insofar as defendant reiterates his request for a remand in his Standard 4 brief, his request is again denied because we see no need for the development of a factual record to resolve defendant's claims.

somehow effectuate a sequestration prejudiced his case. This cursorily briefed argument is abandoned. See *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001).

Defendant also argues his trial counsel was ineffective for telling the jury that defendant has a right to remain silent. He cites as support the following exchange between defense counsel and the trial court, which occurred in front of the jury:

> *The Court*: Okay. Any further evidence for the Defense?
>
> [*Defense counsel*:] No, Your Honor, I have advised my client of his rights to remain silent and he will follow that and we will rest.
>
> *The Court*: You shouldn't put that on the record, sir?

This exchange does not entitle defendant to relief. Essentially, defense counsel stated that defendant would not be testifying and that he had the right not to testify. When a defendant does not testify, whether to inform the jury that he or she has a right not to testify is a matter of trial strategy. See *People v Hampton*, 394 Mich 437, 438; 231 NW2d 654 (1975). Indeed, consistent with counsel's statement, the trial court expressly instructed the jury, under M Crim JI 3.3, that: "Every Defendant has the absolute right not to testify. When you decide the case you must not consider the fact[] that he did not testify. It must not affect your verdict in any way." On this record, defendant has not established his ineffective assistance claim based on counsel's reference to defendant's decision to remain silent at trial.

On appeal, defendant also argues that his trial counsel was ineffective because he "erroneously advise[d] [defendant] that if he testified that the Prosecution would impeach him with his criminal past, when the prosecutor used his criminal past against him anyway." However, he cites no record evidence that counsel gave such advice, and thus he has failed to establish the factual predicate of his claim. *Douglas*, 496 Mich at 592. Further, even assuming that counsel gave such advice, advice regarding the decision to testify is a matter of trial strategy, and defendant has not overcome the presumption that counsel was effective. Cf. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). Moreover, there is no indication that, but for counsel's advice, defendant would have testified. Nor can we see a reasonable probability that his unspecified testimony would have changed the outcome of the proceedings. His claim is without merit. *Sabin (On Second Remand)*, 242 Mich App at 659.

## V. CUMULATIVE EFFECT

Finally, defendant argues that the cumulative impact of the errors he has identified warrants reversal. As discussed, defendant has failed to establish that error occurred. "Thus, there are no individual errors that can be aggregated to form a cumulative effect." *Unger*, 278 Mich App at 258.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly