# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 13, 2018

Plaintiff-Appellee,

v

No. 335393
Wayne Circuit Court
LC No. 16-003466-01-FH

SHAYLA DENEICE TUCKER,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of reckless driving causing death, MCL 257.626(4). The trial court sentenced defendant to serve 21 months to 15 years in prison for her conviction. We reverse and remand for a new trial.

On the evening of April 1, 2016, defendant and some people from her workplace were celebrating a co-worker's birthday at the MGM Casino. Defendant left the casino in the early morning hours of April 2, 2016, and was proceeding at a very high rate of speed in her white Dodge Charger along Michigan Avenue through the light at Trumbull when a black Grand Am turned into her. Defendant's vehicle was propelled into a nearby pole on the sidewalk, allegedly killing a pedestrian in the process.

Defendant first argues on appeal that the trial court erred in allowing the testimony of Detective John Velasco as an expert witness. This Court reviews a trial court's determinations concerning the qualifications of a proposed expert witness and its decisions regarding discovery for an abuse of discretion. *People v Peebles*, 216 Mich App 661, 667; 550 NW2d 589 (1996); *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). The proper interpretation of a court rule is a question of law which we review de novo. *People v Green*, 310 Mich App 249, 252; 871 NW2d 888 (2015).

Defendant contends that plaintiff did not comply with the discovery rules in having Velasco testify as an expert witness. In Michigan, MCR 6.201 governs and defines the scope of discovery in criminal cases. *People v Greenfield (On Reconsideration)*, 271 Mich App 442, 447-448; 722 NW2d 254 (2006). MCR 6.201(A) mandates disclosure of the following information upon request, in relevant part:

-1-

(1) the names and addresses of all lay and expert witnesses whom the party may call at trial; in the alternative, a party may provide the name of the witness and make the witness available to the other party for interview; the witness list may be amended without leave of the court no later than 28 days before trial;

* * *

(3) the curriculum vitae of an expert the party may call at trial and either a report by the expert or a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion;

Here, it is undisputed that plaintiff provided defendant with a witness list and listed Velasco on the same, but did not designate or otherwise identify him as an expert witness. While MCR 6.201(A)(1) does not specifically require that a party designate a witness as lay or expert, the fact that the rule differentiates between lay and expert witnesses provides the inescapable conclusion that one who is to testify as an expert must be designated as such. Otherwise, the rule would simply read that party must disclose "the names and addresses of all witnesses whom the party may call at trial." And, in order to request the curriculum vitae or report of an expert, as set forth in MCR 6.201(A)(3), the opposing party must be aware of which witnesses will be testifying as experts. The prosecutor's failure to identify Velasco as an expert prior to trial substantially hindered defendant's defense, given that Velasco gave testimony critical to the case and, specifically, to defendant's guilt or innocence. Velasco was the only witness to provide testimony (based on his interpretation of documentary evidence) concerning defendant's excessive speed prior to the accident, her speed at the time of the collision, and how quickly before the collision she pressed the brakes. Velasco also gave opinion testimony as to how the crash occurred and fault for the crash. Testimony this significant, and provided by a witness who was not identified as an expert prior to trial, cannot be said to have had no impact on defendant's ability to present a defense or on the outcome of the trial.

In addition to specifying which witnesses a party intends to call at trial, MCR 6.201(A)(3) requires that a party provide "the curriculum vitae of an expert the party may call at trial and either a report by the expert or a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion." The requirement that a party provide the curriculum vitae of an expert that the party *may call at trial* clearly contemplates that the curriculum vitae be provided prior to trial. Here, the prosecutor provided defense counsel with Velasco's curriculum vitae as he testified, during trial. This is not in compliance with the court rule.

In addition, MCR 6.201(A)(3) states that a party provide "either a report by the expert or a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion." Defendant and plaintiff agreed that defendant received the crash data retrieval report, with Velasco's name on it, but defendant argued that the report was not sufficient to put the defense on notice that anyone would interpret the document, let alone as an expert. Defendant argued that plaintiff disclosed only that Velasco "imaged data." Over defendant's objections, the trial court found that because the report described what

Velasco did and had his name on it, the report constituted sufficient notice that Velasco would be an expert witness and further contained sufficient notice of what his testimony would concern.

In objecting to Velasco's testimony, defense counsel stated:

> He gave us this report and, and it says nothing. It says the tool that he used to get the report, but it does not say a summation that he is going to interpret this report or anything. And, under discovery, we are entitled to that.
>
> ***
>
> It doesn't say summation. It says the tool in which this was collected, Crash Data Retrieval tool. Events recovered, deployment, non-deployment, Airbag Control Module. It says nothing else, Your Honor. It doesn't say this is my summary, this is how I got this information and this is what I'm going to do with this information, this is my Curriculum Vitae about this information.
>
> No—The only written and or recorded statement in regards to John Velasco, Your Honor. It says that he imaged data and placed it on evidence. It doesn't say I'm going to surmise or I'm going to testify or I'm going to in any way indicate the details of this information, only that he imaged it. And, imaging it to me in plain language means I take a copy of something and put it on something else. But where, but where he gives me and, literally Your Honor, this document is forty-four plus pages of just numbers. There is no, there is no—And it's just general numbers. It's not even specific numbers. It's general information . . . . It means nothing to me.

The crash data report apparently stated that Velasco examined the vehicles involved and imaged data with a crash data retrieval tool. While defendant was provided with the over 44 pages of data from the crash data report that Velasco "imaged" from the sensing diagnostic module of defendant's car, it is undisputed that Velasco provided no summation or interpretation of the data prior to trial. There was no report *by Velasco*, as Velasco simply, by his own testimony, retrieved the module from defendant's vehicle and extracted (or "imaged") the information from the module. Velasco testified that he pulled the information out of the module, but could not alter it and the information or data retrieved from the module is what constituted the "report" referred to by the parties and the court. Velasco testified that he just "plugged" the module in to retrieve data. There was also no written description of the substance of Velasco's proposed testimony or his opinion. At trial, Velasco provided critical testimony taken from the imaged data that defendant was driving 95 miles per hour in a 30 mile per hour zone in the seconds before breaking for the collision. There is no indication that he provided a written description concerning this proposed testimony.

Given counsel's description of the data and the fact that there was no report authored by Velasco explaining or interpreting the imaged data, nor is there any other documentation prepared by him, the trial court abused its discretion in finding that plaintiff complied with MCR 6.201(A)(3). And, allowing Velasco to provide expert testimony on critical issues without notice to defendant severely prejudiced defendant. Not knowing she would be presented with an expert

in crash data retrieval systems, defendant had no opportunity to prepare for Velasco's testimony or to engage an expert on her own behalf to perhaps challenge Velasco's testimony. Because defendant was not properly able to prepare her defense, and the allowance of the undisclosed expert's testimony affected the outcome of the trial, reversal of her conviction and remand for a new trial is appropriate. Because this issue is dispositive, we need not consider defendant's other arguments on appeal.

Reversed and remanded for a new trial. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro