*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN DANIEL ANTARAMIAN,

Defendant-Appellant.

FOR PUBLICATION
May 11, 2023
9:10 a.m.

No. 362604
Kent Circuit Court
LC Nos. 2021-005882-FH; 2021-011714-FH

Before: GLEICHER, C.J., and HOOD and MALDONADO, JJ.

PER CURIAM.

In *People v Jack*, 336 Mich App 316; 970 NW2d 443 (2021), this Court held that the prosecution cannot redact witness contact information from police reports produced during discovery absent a showing of good cause under MCR 6.201(E) or (I). The question now before us is whether the contact information of crime *victims* in discoverable police reports is entitled to heightened protection. After considering the relevant constitutional and statutory provisions, we hold that this information is not automatically shielded. Rather, a trial court must determine in each case whether there is good cause to enter a protective order under MCR 6.201(E) or to modify the discovery rules under MCR 6.201(I). We vacate the trial court order's protective order permitting the prosecution to redact the victims' contact information from the police reports presented to the defense and remand for further consideration under MCR 6.201(E).

## I. BACKGROUND

In two separate criminal complaints, the prosecution charged John Daniel Antaramian with first-degree home invasion, MCL 750.110a(2), and assault with intent to do great bodily harm less than murder or by strangulation, MCL 750.84. The matters were submitted together in the trial court. During discovery, the prosecution provided the defense with copies of the police reports related to the underlying offenses. However, the birthdates, ages, addresses, phone numbers, and state identification numbers of the alleged victims were redacted.

The defense moved to compel the production of unredacted police reports pursuant to MCR 6.201(B)(2) and *Jack*, 336 Mich App 316. The prosecution countered that *Jack* is inapposite because it pertained to the production of witness, not victim, contact information. The prosecution

argued that MCL 780.758(3) of the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, protects crime victims' rights to "dignity and privacy" and exempts their personal contact information from disclosure. Further, the parties agree that the Kent County Prosecutor's Office has a standard policy to redact driver's license numbers, social security numbers and other similar information from reports before disclosure. The prosecution provided new copies of the police reports revealing the victims' birthdates and ages.

At the Zoom hearing on Antaramian's motion to compel, defense counsel contended that MCR 6.201(B)(2) only permits the prosecution to withhold police reports "concern[ing] a continuing investigation." "[I]f the prosecution wishes to redact other presumptively discoverable information from a police report, it must seek a protective order under 6.201(E) or of modification of the discovery rules under 6.201(I)," the defense pressed. *Jack* forecloses a prosecutor's claim to "unilateral authority to redact information in a police report." Despite the court rule and *Jack*'s pronouncement, defense counsel argued, the "Kent County Prosecutor continues to unilaterally redact police reports before disclosing them to criminal defendants, including in this case." The trial court held the matter in abeyance to meet with the attorneys in person to review the police reports.

Following the in-person meeting, the prosecution filed a motion for a protective order under MCR 6.201(E). The prosecution contended that the protections guaranteed crime victims by MCL 780.758(3) and Const 1963, art I, § 24 provide good cause for a protective order under the court rule. A criminal defendant's right to a fair trial is not impaired by redacting the contact information of his or her alleged victims, the prosecution asserted. In the event defense counsel wishes to interview such individuals, the prosecutor's office could coordinate the meetings. Providing unredacted contact information to a defendant "would place the victims at a risk of harm, undue annoyance, intimidation, embarrassment, or threats," the prosecution continued. Specifically, the revelation of contact information would provide "an unsolicited means of contacting victims – either in person, by letter, or by phone call," that "could cause undue annoyance and ultimately affect the victims' willingness to participate in the trial." Antaramian's charge for an assaultive crime "further support[ed] a conclusion that this information in the wrong hands places the victims at risk of harm."

Antaramian abandoned his request for the alleged victims' state identification numbers but continued his pursuit of their addresses and phone numbers. Defense counsel quoted MCL 780.758(3) in full, which states that the CVRA only restricts the disclosure of crime victims' contact information under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, not from discovery in criminal matters. Nothing in the CVRA limits discovery in a criminal case. Further, Const 1963, art I, § 24 is not self-executing; it is limited to granting the Legislature the authority to enact legislation to protect the rights of crime victims. Defense counsel noted that the prosecutor failed to address the good-cause factors in MCR 6.201(E) "in a case specific manner; rather, he addresses them in an entirely abstract and conclusory fashion." Fundamental fairness requires full disclosure of the full police reports and the ability of defense counsel to fully investigate the cases against Antaramian was hampered by the redaction, defense counsel argued. Defense counsel further contended that there are reasons beyond arranging interviews that a defendant might require the addresses and phone numbers of alleged victims. "What if, for example, the defense needed to investigate whether an alleged victim of a home invasion was 'lawfully present' in the

dwelling?" And defense counsel took "umbrage at the implicit insinuation that he cannot be trusted to reach[] out to alleged victims in a professional manner."

At the hearing on the motion for a protective order, defense counsel asserted that unilateral redactions in police reports produced during discovery "has become a systemic issue." *Jack* clearly resolved that the contact information is discoverable, defense counsel argued, and the exemption in the CVRA applies only to FOIA requests. Defense counsel indicated a willingness to compromise as well, limiting the discovery of unredacted victim contact information to counsel and not to defendants.

Ultimately, the trial court denied Antaramian's motion to compel and granted the prosecution's motion for a protective order. The court found it to be a close call and suggested that an interlocutory appeal would be in order. The court agreed that "[t]he *Jack* case is significant," but found a "distinction" between victims and witnesses. The trial court issued a short, written opinion and order, stating:

> 3. The Prosecutor argues that *Jack* applies to identifying information about witnesses, not victims. Moreover, identifying information about victims is protected under the [CVRA].
>
> * * *
>
> 5. The Court agrees with the Prosecutor on this issue. Defendant is not entitled to identifying information about victims under the [CVRA], the Michigan Constitution, and MCR 6.201(E). Moreover, Defendant is not seeking state identification numbers. Therefore, the Prosecutor has properly provided police reports to Defendant with the appropriate redactions.
>
> 6. No further analysis is necessary. MCR 2.517(A)(4).

Antaramian filed an interlocutory application for leave to appeal, which this Court granted. *People v Antaramian*, unpublished order of the Court of Appeals, entered December 19, 2022 (Docket No. 362604).

## II. ANALYSIS

We review for an abuse of discretion a trial court's decision on a motion to compel or limit discovery. *People v Green*, 310 Mich App 249, 252; 871 NW2d 888 (2015). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citations omitted). We review de novo the underlying issues of statutory and court rule interpretation. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011). We begin by reviewing the statute's or court rule's plain language and apply unambiguous language selected by the drafters without further construction. *People v Phillips*, 468 Mich 583, 589; 663 NW2d 463 (2003).

Discovery in criminal matters is governed by MCR 6.201. The court rule provides in relevant part:

-3-

(B) Discovery of Information Known to the Prosecuting Attorney.  Upon request, the prosecuting attorney must provide each defendant:

* * *

(2) any police report and interrogation records concerning the case, except so much of a report as concerns a continuing investigation[.]

"The plain language of MCR 6.201 is unambiguous."  *Jack*, 336 Mich App at 324.  The court rule requires the production of police reports on request by the defense absent an ongoing investigation.  MCR 6.201(B)(2).  "Thus," under MCR 6.201(B)(2), "redaction of police reports and interrogation records is permitted only when the information relates to an ongoing investigation."  *Jack*, 336 Mich App at 324.

Given the plain language of MCR 6.201(B)(2), the prosecution was not permitted to unilaterally redact police reports to excise the victims' contact information as that information did not relate to an ongoing investigation.

The prosecution contends that *Jack*'s proclamation regarding the plain language of MCR 6.201(B)(2) does not apply in this case because the issue in *Jack* was the redaction of witness contact information rather than victim information.  "[T]here is a significant distinction between the victim and witnesses in a criminal proceeding," the prosecution insists.  The prosecution contends that a blanket policy for the redaction of victim contact information is justified by the CVRA and Michigan Constitution.

MCL 780.758 of the CVRA provides, in relevant part:

(1) Based upon the victim's reasonable apprehension of acts or threats of physical violence or intimidation by the defendant or at defendant's direction against the victim or the victim's immediate family, the prosecuting attorney may move that the victim or any other witness not be compelled to testify at pretrial proceedings or at trial for purposes of identifying the victim as to the victim's address, place of employment, or other personal identification without the victim's consent.  A hearing on the motion shall be in camera.

(2) The work address and address of the victim shall not be in the court file or ordinary court documents unless contained in a transcript of the trial or it is used to identify the place of the crime.  The work telephone number and telephone number of the victim shall not be in the court file or ordinary court documents except as contained in a transcript of the trial.

(3) Under [Const 1963, art I, § 24], guaranteeing to crime victims the right to be treated with respect for their dignity and privacy, all of the following information and visual representations of a victim are exempt from disclosure *under the freedom of information act*, 1976 PA 442, MCL 15.231 to 15.246:

(a) The home address, home telephone number, work address, and work telephone number of the victim unless the address is used to identify the place of the crime. . . . [Emphasis added.]

This provision, along with the entirety of the CVRA, was enacted pursuant to Const 1963, art I, § 24, which provides, in relevant part:

(1) Crime victims, as defined by law, shall have the following rights, as provided by law:

The right to be treated with fairness and respect for their dignity and privacy throughout the criminal justice process.

\* \* \*

The right to be reasonably protected from the accused throughout the criminal justice process. . . .

To effectuate these protections, Const 1963, art I, § 24(2) grants the Legislature authority to "provide by law for the enforcement of the section." See *League of Women Voters of Mich v Sec'y of State*, 339 Mich App 257, 276; 981 NW2d 538 (2021) ("Whether a constitutional provision is self-executing is largely determined by whether legislation is a necessary prerequisite to the operation of the provision.") (quotation marks and citation omitted). This led to the enactment of the CVRA.

Section 758 of the CVRA does not permit a prosecutor's office to automatically redact victim contact information from police reports before discovery in a criminal case. MCL 780.758(2) prohibits the inclusion of a victim's address and phone number "in the court file or ordinary court documents." If the police report were placed in the court file, then the victim's address and phone number would have to be redacted. However, a police report is not a court document, ordinary or otherwise. It is a document created by a law enforcement officer for law enforcement purposes. The police are an arm of the executive branch of government, not agents of the judiciary. See *People v MacLeod*, 254 Mich App 222, 230; 656 NW2d 844 (2002) (noting that police officers "are members of the executive branch of government").

MCL 780.758(3) similarly does not authorize a prosecutor's office to implement a policy for redacting victim contact information in police reports produced during discovery. Rather, the plain language of this subsection provides that "all of the following information and visual representations of a victim are exempt from disclosure *under the freedom of information act*." (Emphasis added.) Under the "canon of construction . . . *casus omissus pro omisso habendus est* (nothing is to be added to what the text states or reasonably implies)," courts are prohibited "from supplying provisions omitted by the Legislature." *Mich Ambulatory Surgical Ctr v Farm Bureau Gen Ins Co*, 334 Mich App 622, 632; 965 NW2d 650 (2020). Similarly, under the doctrine of *expressio unius est exclusio alterius*—the "inclusion by specific mention excludes what is not mentioned"—"[s]tatutory exceptions are to be accorded limited, rather than expansive, construction," covering only the terms specifically included. *People v Jahner*, 433 Mich 490, 500

n 3; 446 NW2d 151 (1989). The Legislature chose to limit the application of this disclosure exemption to FOIA requests, and this Court may not expand on that language.[1]

Even the provisions under MCL 780.758(1), through which the prosecution may move to prevent compelled testimony regarding a victim's address, employment, and other personal identification information, are not automatic. Instead, they permit the prosecution to file a motion based on the victim's reasonable apprehension of acts of threats of physical violence or intimidation. See MCL 780.758(1). It does not relate to discovery, and it is not a blanket ban. The statute does not apply to discovery requests under MCR 6.201 and we may not infer that it does.

Although the Kent County Prosecutor's Office could not support a blanket policy of redacting victim contact information in police reports produced to the defense during discovery in criminal cases, it could seek redaction on a case-by-case basis. "The court rule provides the prosecutor with an avenue to seek judicial permission to withhold otherwise presumptively discoverable contact information. MCR 6.201(E) permits a party upon good cause shown to seek a protective order." *Jack*, 336 Mich App at 325. MCR 6.201(E) states:

> On motion and a showing of good cause, the court may enter an appropriate protective order. In considering whether good cause exists, the court shall consider the parties' interests in a fair trial; the risk to any person of harm, undue annoyance, intimidation, embarrassment, or threats; the risk that evidence will be fabricated; and the need for secrecy regarding the identity of informants or other law enforcement matters. On motion, with notice to the other party, the court may permit the showing of good cause for a protective order to be made in camera. If the court grants a protective order, it must seal and preserve the record of the hearing for review in the event of an appeal.

MCR 6.201(I) further provides, "On good cause shown, the court may order a modification of the requirements and prohibitions of this rule."

The prosecution presented no evidence to support a finding of good cause for a protective order for the contact information of these victims. Rather, the prosecution offered only general arguments potentially applicable in any criminal matter. The prosecution described no risk to these victims "of harm, undue annoyance, intimidation, embarrassment, or threats," relying instead on a concern for victims in general. There was no indication that these victims were hesitant about participating in the trial or that Antaramian was likely to harass or threaten the victims. The prosecution made no effort to demonstrate that Antaramian's right to a fair trial would be unaffected by the redactions, or that the victims' right to privacy outweighed Antaramian's interests. While the prosecution claimed its office could arrange interviews between defense counsel and the victims to protect the rights of both sides, it failed to respond to defense counsel's

---

[1] The question of the validity of an amendment to the CVRA or other statute that would allow or require the complete redaction of a victim's address, telephone number, and other personal identification information from criminal discovery materials is not presently before us.

-6-

concerns about other investigatory needs for the information. Finally, the prosecution contended that a protective order was required because one of the underlying offenses was assaultive. But the prosecution offered no facts specific to the alleged assault in this case. Indeed, many criminal prosecutions involve charges that are assaultive in nature. This bare assertion does not explain how this victim is at risk of harm, undue annoyance, intimidation, embarrassment, or threats.

The prosecution's arguments are general concerns and are applicable to almost any criminal case involving a police report. The prosecution failed to make a showing of good cause based on the particulars of the underlying case.

The trial court compounded the error by accepting the prosecution's generalized allegations, essentially affirming the prosecutor's office's automatic redaction policy. This is not permitted under the plain language of the court rule. On remand, the trial court must articulate good cause stemming from the facts of this case to enter a protective order addressing each proposed redaction.

We vacate the trial court's protective order permitting the prosecution to redact the victims' contact information from the police reports presented to the defense and remand this case for further consideration under MCR 6.201(E). We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado